SHERIDAN ACRES WATER COMPANY, a Nevada Corpo-
ration, Appellant, v. DOUGLAS COUNTY and KEN
KJER, Its Chairman and HERB WITT, BARBARA
COOK, M. D. "Doc" MEYER, and BOB OSWALD, Its
Members, Respondents.

No. 14812

October 4, 1984                                   688 P.2d 297

[Rehearing denied January 3, 1985]

*Jack Sheehan,* Minden, for Appellant.

*Brent Kolvet,* District Attorney, *Stephen C. Balkenbush,*
Chief Deputy District Attorney, Douglas County, for
Respondents.

*William H. Kockenmeister,* Assistant Legal Counsel, Carson
City, for Public Service Commission, Amicus Curiae.

## OPINION

*Per Curiam:*

Sheridan Acres Water Company ("Sheridan") appeals from a judgment of the district court declaring that Sheridan is not entitled to collect from Douglas County fire hydrant standby fees authorized by the Public Service Commission. Finding no error, we affirm.

Sheridan is a privately owned public utility supplying water to residents of the Sheridan Acres Subdivision in Douglas County, Nevada. Sheridan serves approximately seventy-two customers in the subdivision; the remaining three families obtain their water from domestic wells.

Pursuant to Sheridan's application, in November of 1980 the Public Service Commission issued an order adopting a new rate structure for Sheridan. The new rates included a monthly fire hydrant fee of $10.00 per fire hydrant, representing a standby charge for the privilege of having the fire hydrants available in case of need. Sheridan billed Douglas County for the fire hydrant fees; the County, which does not pay standby charges for fire hydrants anywhere within its boundaries, refused to pay. The Public Service Commission issued an order declaring that Douglas County was obligated to pay the fire hydrant fees. The County still refused to pay, and Sheridan brought suit for a judgment declaring that it was entitled to collect fire hydrant fees from Douglas County. The district court granted judgment for the County, and Sheridan appealed to this court.

We note that the district court found that the County did not require the installation of the fire hydrants as a condition of approval of the subdivision. The County, in fact, had no voice in the installation of the fire hydrants. Sheridan and the Public Service Commission nonetheless claim that the County must pay standby charges for the fire hydrants pursuant to NRS 704.660, which provides in pertinent part:

> 1. Any public utility which furnishes, for compensation, any water for domestic purposes shall furnish each city, town, village or hamlet which it serves with a reasonably adequate supply of water at reasonable pressure for fire protection and at reasonable rates, all to be fixed and determined by the commission.
> 2. The duty to furnish a reasonably adequate supply of water provided for in subsection 1 includes the laying of mains with all necessary connections for the proper delivery of water for fire protection and also the installing of appliances to assure a reasonably sufficient pressure for fire protection.

Under Sheridan's interpretation of the statute, a water company would have the duty to install appliances for fire protection within its service area whether or not the governmental entity responsible for the area had requested them; furthermore, the governmental entity would be forced to pay standby charges for appliances it had not requested.[1] We do not believe that the legislature intended such a result. Rather, under our reading of the statute, if a county or other entity requires fire hydrants to be installed, the public utility providing water to the area in question must install and maintain the fire hydrants, thereby becoming entitled to collect from the entity the fees that are set by the Public Service Commission.

In the case before us, the district court found that Douglas County did not require the installation of the fire hydrants. The record discloses evidence to support this finding. Consequently, Sheridan cannot collect fire hydrant fees from the County.[2] Accordingly, we affirm the judgment of the district court.

---

[1]This is the first time that this court is called upon to construe NRS 704.660. The sole interpretation of the statute that has been cited to us is in an opinion of the Public Service Commission, Lyon County v. Mason Water Company, decided November 5, 1979, in which the Commission decided that Lyon County should pay Mason Water Company standby charges for fire hydrants provided by the company. We have rejected the Commission's interpretation of the statute in this opinion. We note, however, that its decision in *Lyon County* is sustainable under our analysis since there is some indication that Lyon County had specified the location for the installation of the water company's fire hydrants.

[2]Sheridan argues that it must collect the fire hydrant fees if it is to remain financially solvent. We are sympathetic to Sheridan's financial plight; however, its need to collect the fees, however compelling, does not in itself entitle it to collect them from the County. Sheridan is free to apply to the Public Service Commission for authorization to bill its customers for the fire hydrant fees.